## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-00053-PRW |
| | ) | |
| JASON CHRISTOPHER LUJAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 94), asking the Court to grant him a two-point reduction based upon Amendment 782 to the United States Sentencing Commission Guidelines Manual. For the reasons given below, the Motion is denied.

### *Background*

In June 2010, Defendant pleaded guilty to: (1) being a felon in possession of a firearm, and (2) conspiracy to distribute controlled substances. The plea included a waiver of Defendant's right to pursue a direct appeal or collateral attack, except in limited circumstances. The Court held "a full and proper sentencing hearing" in January 2011, during which it "considered the criminal conduct alleged and [Defendant's] prior criminal conduct and his individual characteristics."[1] Having considered the severity of the offense

---

[1] Def.'s Reply to Gov't's Resp. in Opp'n to Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 104) at 4.

and Defendant's criminal history, the Court imposed a sentence in the middle of the calculated guideline range. As result, Defendant is currently serving a sentence of 324 months of imprisonment on both counts, with the sentences running concurrently.

Amendment 782, which reduces the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses, became effective on November 1, 2014 and applies retroactively. The United States Probation Office subsequently filed an updated preliminary report in this case, concluding that Defendant is eligible for a reduction.[2] Accordingly, Defendant has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

In its response opposing Defendant's motion, the Government concedes that Defendant is eligible for a sentence reduction but asks this Court to nevertheless deny Defendant's motion for two reasons. First, the Government argues that this Court should enforce the 18 U.S.C. § 3582(c)(2) waiver in Defendant's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004). And second, the Government argues that this Court should exercise its discretion to deny the motion based on "Defendant's offense conduct, his prison disciplinary records, and the fact that he already received a substantial benefit at sentencing."[3]

---

[2] *See* Updated Prelim. Report (Dkt. 97) at 1–2.

[3] Gov't Resp. in Opp'n to Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 98) at 1.

This Court promptly examined Defendant's motion and the Government's response and subsequently ordered defense counsel to file a reply. Defense counsel complied with the Court's instructions and filed its reply, which asks this Court to either deny the government's request to enforce the plea agreement's waiver of modification or otherwise make its own motion to modify.

### *Discussion*

The Court finds that the waiver contained in Defendant's plea agreement is enforceable and therefore precludes Defendant's request for modification of his sentence. As such, Defendant's motion is denied.

Generally, under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" when the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[4] Here, however, Defendant waived his right to appeal or collaterally attack his convictions and his sentence as part of his plea agreement. And he also expressly waived his right to "move to modify under 18 U.S.C. § 3582(c)(2) or some other ground,

---

[4] *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (citing 18 U.S.C. § 3582(c)(2)); *see also Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").

his sentence as imposed by the Court."[5] As such, if Defendant's waiver is valid, this Court must deny his motion.[6]

In *Hahn*, the Tenth Circuit adopted a three-prong test for determining the validity of appeal waivers in plea agreements. Specifically, *Hahn* states that a waiver of appellate and post-conviction rights will be upheld as long as (1) "the disputed [matter] falls within the scope of the waiver"; (2) "the defendant knowingly and voluntarily waived his . . . rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice."[7] The Government contends that Defendant's waiver satisfies all three prongs and therefore is enforceable. This Court agrees.

First, there is no dispute that Defendant's motion is within the broad waiver provisions of the plea agreement. Defendant acknowledges that he "waive[d] appellate rights including his right to move to modify under 18 U.S.C. § 3582(c)(2)."[8] Moreover, the plea agreement plainly states that Defendant "knowingly and voluntarily waives his right to: . . . *move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence* as

---

[5] Plea Agreement (Dkt. 38) at 8–9. Moreover, the United States Attorney's Office for the Western District of Oklahoma agreed to certain concessions in exchange, including (1) to not file an information seeking an enhancement of the drug charge; (2) to dismiss the indictment in favor of the superseding information; and (3) to not further prosecute Defendant for possession of a firearm. *See id.* at 10.

[6] *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam) ("This court will hold a defendant to the terms of a lawful plea agreement.") (quoting *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998)).

[7] *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

[8] Def.'s Reply to Gov't's Resp. in Opp'n to Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 104) at 2.

imposed by the Court . . . provided the sentence is within . . . the advisory guideline range determined by the Court to apply. . . . [and] acknowledges that this waiver remains in full effect and is enforceable."[9] Defendant filed a § 3582(c)(2) motion seeking to reduce his sentence of 324 months' imprisonment, which was within the advisory Guideline range the Court had established.[10] Accordingly, the Court finds Defendant's request for a two-point reduction in his sentence is within the scope off the waiver,[11] and the first prong of the analysis thereby satisfied.

Second, Defendant's waiver of his right to bring a § 3582(c)(2) motion was knowing and voluntary. The waiver paragraph in Defendant's plea agreement specifically cites § 3582(c)(2) and states he entered the waiver "knowingly and voluntarily," and the Fed. R. Crim. P. 11 plea colloquy indicates the same.[12] Defendant "does not dispute

---

[9] Plea Agreement (Dkt. 38) at 8–9 (emphasis added).

[10] *See* Statement of Reasons (Dkt. 58) at 1.

[11] Importantly, there is no express language in the agreement reserving the right to move to modify based on future changes in the law. Nor is there anything in the record indicating that the parties agreed to include such language during plea negotiations.

[12] Plea Agreement (Dkt. 38) at 8; *see Hahn,* 359 F.3d at 1325 (in assessing whether a waiver was knowingly and intelligently made, the court considers both the language of the plea agreement and the adequacy of the plea colloquy); *see also United States v. Frierson,* 308 Fed. Appx. 298, 300 (10th Cir. 2009) (a court's failure to specifically discuss the section 3582(c) aspect of waiver during the plea colloquy does not render the waiver unknowing and involuntary where the plea agreement waiver provision makes specific reference to section 3582(c) and Defendant has made written and oral averments pertaining to the knowing and voluntary nature of his actions).

whether his waiver was knowingly and voluntarily given."[13] Moreover, there is nothing in the record contradicting these written and verbal assertions of a knowing and voluntary waiver.[14] Thus, the Court concludes Defendant's waiver of his right to bring a § 3582(c)(2) motion was knowing and voluntary, and the second prong is satisfied.

Finally, under the third prong, the Court must consider whether enforcing the waiver would result in a miscarriage of justice.[15] And while Defendant does not dispute that his motion falls within the scope of the waiver or that his waiver was knowingly and voluntarily, Defendant does claim that enforcing this waiver would result in a miscarriage of justice. The miscarriage-of-justice prong requires Defendant to show at least one of the following four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful.[16] Defendant fails to do so.

---

[13] *See id.* at 1329 (noting that defendant bears the burden of establishing an unknowing and involuntary waiver).

[14] *See United States v. Edgar*, 348 F.3d 867, 873 (10th Cir. 2003).

[15] *See Hahn*, 359 F.3d at 1325.

[16] *See id.* at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir.2001); *United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005); *Anderson*, 374 F.3d at 959 (noting that defendant bears burden of establishing miscarriage of justice); *see also United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) ("[This] list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above.").

The first three circumstances are neither argued nor applicable here. Defendant argues only that enforcing the waiver is otherwise unlawful. But to be "otherwise unlawful," an error must "seriously affect the fairness, integrity or public reputation of judicial proceedings."[17] And Defendant has alleged no error concerning the waiver itself and otherwise fails to offer any reasoned argument demonstrating his waiver to be unlawful. To the contrary, Defendant expressly acknowledges the validity of his Section 3582(c)(2) waiver under binding Tenth Circuit precedent.[18] The alleged error, Defendant maintains, relates to said precedent instead. Specifically, defense counsel disagrees "with the ruling of *Hahn*, its progeny, and other precedent of the Tenth Circuit and United States Supreme Court pertaining to waivers" eliminating Defendant's ability to modify a sentence "later prove[d] to be unjustified."[19] In Defendant's view, this ruling is "not only wrong in principle, but wrong under the law."[20] He claims that denying a motion pursuant to § 3582(c)(2) based on a waiver would "fl[y] in the face of Sentencing Reform Act of 1984 alleged purpose" to achieve sentencing uniformity, affect fairness in sentencing, and therefore "must be unlawful."[21]

---

[17] *Hahn,* 359 F.3d at 1327–28 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

[18] Def.'s Reply to Gov't's Resp. in Opp'n to Mot. to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 104) at 6.

[19] *Id.* at 7.

[20] *Id.* at 6.

[21] *Id.* at 7.

This argument, however, does not address the relevant circumstances that constitute a miscarriage of justice under binding precedent.[22] Because Defendant's argument is based on alleged errors in this Circuit's waiver jurisprudence, and does not concern the actual waiver itself, his argument fails. To the extent defense counsel personally disagrees with "precedent of the Tenth Circuit and United States Supreme Court," his attack has no bearing on the miscarriage of justice inquiry. Nor does defense counsel point to any authority to suggest otherwise. As such, enforcing Defendant's waiver would not result in a miscarriage of justice and therefore satisfies all three prongs under *Hahn*.

Accordingly, the waiver contained in Defendant's plea agreement is enforceable and thus precludes Defendant's request for modification of his sentence

### Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 94).

**IT IS SO ORDERED** this 28th day of July 2021

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[22] *United States v. Smith*, 500 F.3d 1206, 1212–13 (10th Cir. 2007) ("[Defendant] misunderstands the miscarriage of justice exception. . . . This exception looks to whether 'the *waiver* is otherwise unlawful,' not to whether another aspect of the proceeding may have involved legal error.") (emphasis in original) (citing *Hahn*, 359 F.3d at 1327); *see also United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (finding that subjecting the defendant to a sentence sanctioned by Congress does not constitute an error seriously affecting the fairness, integrity, or public reputation of judicial proceedings).